## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6109 | DATE | 12/4/2000 |
| CASE TITLE | Lovers Lane & Co., vs. The Village of Libertyville | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Lovers Lane & Company's, complaint for a permanent mandatory injunction against The Village of Libertyville is granted. Defendant is ordered to issue a Zoning Certificate of Compliance to plaintiff pursuant to its application on or before 12/11/00 to permit the operation of said business in complaint with the Village's Ordinance consistent with this Opinion and Order.
ENTER OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 5 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | JS docketing deputy initials | 23 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING: CO DEC -4 PM 3: 39 | date mailed notice | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LOVERS LANE & CO.,  )
                    )
    Plaintiff,      )
                    )
    v.              )
                    )  No. 00 C 6109
THE VILLAGE OF LIBERTYVILLE,  )
                    )  Judge John W. Darrah
                    )
    Defendant.      )

## OPINION AND ORDER

### PROCEDURAL HISTORY

On October 20, 2000, the plaintiff, Lovers-Lane & Company, sought interlocutory injunctive relief alleging the defendant, The Village of Libertyville (Village), unlawfully denied it a permit to operate its retail store at 1015-1019 North Milwaukee Road, Libertyville, Illinois. A trial was conducted regarding the issuance of a permanent injunction by agreement of the parties. (Transcript of November 9, 2000, pp. 2-4).

On October 20, 2000, defendant denied plaintiff a Zoning Certificate of Compliance (Zoning Certificate). Defendant has based this denial on two theories and has attempted to maintain these positions throughout the trial and within its final summation.

First, the Village contends that the proposed use is a combination of different and/or new uses which were not within the contemplation of the Board at the time the Ordinance was enacted and, therefore, does not fit within any specific use defined in the Ordinance. The defendant Village argues from this premise that the plaintiff must seek a text amendment to the Ordinance for its

23

"hybrid" use. Defendant fails to cite any case law supporting this interpretation of its ordinance nor is any support for this theory found in the language of the Ordinance or reasonably inferred therefrom. The plaintiff responds that requiring a resort to the cumbersome and time-consuming process has serious constitutional shortcomings.

Second, the Village contends, in the alternative, that plaintiff's proposed business is a "Regulated Use" pursuant to the Ordinance because a "substantial or significant portion of its stock in trade" is "distinguished or characterized by an emphasis on matter" of a sexual nature as defined by the Ordinance. (See Village Ordinance, art. 2-2). The Village has maintained this position from the outset. (See October 20, 2000 letter from Village to plaintiff; Village's Amended Response to Motion for Preliminary Injunction pp. 5-8). The plaintiff has raised constitutional challenges to this construction. The plaintiff also challenges the factual application of this standard based on the usual and customary meaning of those words, and the trial between the parties generally proceeded on this issue.

## CONCLUSIONS OF LAW

In general, a zoning ordinance is presumed to be constitutionally valid. *Clark v. County of Winnebago*, 817 F.2d 407, 408 (7th Cir. 1987).

The rules of construction of an ordinance are the same as those applicable to statutes. See *Foster v. Zeeko*, 540 F.2d 1310, 1317 (7th Cir. 1876); *Indiana Waste Systems, Inc. v. County of Porter*, 787 F.Supp.2d 859, 867 (N.D.IND. 1992). Ordinances, like statutes, are narrowly construed in order to sustain their constitutionality. See *National Mobilization Committee to End the War in Viet Nam v. Foran*, 411 F.2d 934, 938 (7th Cir. 1969). An ordinance is construed in the context of its entirety. See *In re Merchants Grain, Inc. v. Mahern*, 93 F.3d 1347, 1353-354 (7th Cir. 1996).

2

Therefore, the Court reserves consideration of the constitutional challenges of the plaintiff as may be necessary. The issue is properly resolved by construing the ordinance narrowly, in its entirety, reading all pertinent sections to determine the intent of the drafters and apply that meaning to the case at bar.

The purpose of the Village's C-3, General Commercial District, is to "provide locations for a wide variety of commercial uses ranging in both size and intensity." (Ordinance, art. 5-4.1). The Ordinance defines a "Commercial Use or Purpose" as: "Any use permitted or specially permitted in a Commercial District." The Ordinance defines a Permitted Use as: "A use that appears on the permitted use list of a particular Zoning District." The Ordinance allows retail trade, "limited to: Apparel and Accessory Stores ... Drinking Places ... Food Stores ... General Merchandise Stores ... Miscellaneous Retail Stores." The Ordinance provides that the Village administrator may refer to the Standard Industrial Classification Manual (Manual) and the use classification methodology used therein as a reference for use interpretations.

Words not defined within the Ordinance are given the definition found in the most recent edition of the Illustrated Book of Development Definitions; or, if not found, in the Transportation and Land Developments; or, if not found, in Webster's International Dictionary of the English Language.

In addition to this classification scheme, the Ordinance also specifically treats uses related to sales of sexually related materials as a "Regulated Use." The Ordinance defines a "Regulated Use" as: "Adult bookstores, adult mini-motion picture theaters, adult motion picture theaters, and cabarets." The ordinance defines an adult bookstore as: "An establishment having as a substantial or significant portion of its stock in trade books, magazines, periodicals, videotapes, films, or

3

paraphernalia which are distinguished or characterized by an emphasis on matter depicting, describing or relating to 'Specified Sexual Activities' or 'Specified Anatomical Areas,' both as defined herein, or an establishment wit[h] a segment or section devoted to the sale or display of such material." A "Regulated Use" establishment cannot be located within 750 feet of any residential district, residential use, or institutional building.

"Substantial" is defined as "adequately or generously nourishing : abundant, plentiful...being that specified to a large degree or in the main." Webster's Third New International Dictionary 2280 (3rd ed. 1986). "Significant" is defined as "having meaning ... suggesting or containing some concealed, disguised, or special meaning ... having or likely to have influence or effect." Webster's Third New International Dictionary 2116 (3rd ed. 1986).

Therefore, the proper construction of the Ordinance requires a determination of the general, particular use or uses proposed for the subject property. Then a determination whether this use or uses is a "Regulated Use," as defined above, is made.

A court considers three criteria in deciding whether to grant permanent injunctive relief, including whether: (1) the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction is not granted; (2) the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on defendant; and (3) the granting of the injunction will harm the public interest. Plummer v. American Institute of Certified Public Accountants, 97 F.3d 220, 229 (7th Cir. 1996). A permanent injunction is not provisional in nature as is a temporary injunction; rather, a permanent injunction is a final judgment. As such, a plaintiff seeking a permanent injunction must demonstrate not whether he has a reasonable likelihood of success on the merits but whether he has in fact succeeded on the merits. Plummer, 97 F.3d at 229.

4

## FACTS

As mentioned above, plaintiff applied for a Zoning Certificate to operate a retail establishment at 1015-1019 North Milwaukee Avenue, Libertyville, Illinois, on August 29, 2000. Plaintiff's proposed retail business would operate as a lingerie and gift shop with 80% of the store's floor space and stock in trade consisting of lingerie and other clothing; 10% of the store's floor space and its stock in trade dedicated to bath and bed products; and 10% of floor space and stock in trade dedicated to the sale of books, video tapes, greeting cards, party favors, and novelties.

Plaintiff's business is therefore an apparel and accessory store and a miscellaneous retail store. The Manual includes within its major group of apparel and accessory stores: men's and boys' clothing and accessory stores, women's clothing stores, women's accessory, specialty stores, and miscellaneous apparel and accessory stores. Within the major group of miscellaneous retail, the manual includes operations including book stores, stationery stores, jewelry stores, gift, novelty, and souvenir shops. Both uses are permitted in a C-3 district, where plaintiff seeks to locate its store. Therefore, because both uses are permitted, it would logically follow that a combination of both permitted uses would also be permitted within the Ordinance. As mentioned above, the Village cites no provision of the Ordinance to the contrary nor provided any authority for this novel assertion other than to characterize this combination of obviously permitted uses as a "hybrid."

Having determined plaintiff's proposed business is permitted, the Court must then determine if the business is a "Regulated Use" within 750 feet of a residential district, residential use, or institutional building.

The parties have stipulated that the business plaintiff proposes to operate in the Village would have as part of its stock in trade, books, videotapes, or paraphernalia which are characterized by an

5

emphasis on matter depicting, describing or relating to "Specified Sexual Activities" or "Specified Anatomical Areas" as defined within the Ordinance. Such stock in trade would constitute 14% of the total cost of goods of plaintiff's stock in trade; or 10% of the actual number of individual items offered for sale by plaintiff; or 7% of the store's retail floor-display space. Plaintiff will not have a segment or section devoted to the sale or display of any such materials at the Libertyville store; rather, any of the materials at the store will be dispersed throughout the store.

Plaintiff does not have a substantial or significant portion of its stock in trade, books, magazines, periodicals, videotapes, films, or paraphernalia that are distinguished or characterized by an emphasis on matter depicting, describing, or relating to specified sexual activities or anatomical areas. Nor does plaintiff have a segment or section devoted to the sale or display of such material. Plaintiff's president testified that plaintiff will limit its sale of books, videotapes, or paraphernalia which are characterized by an emphasis on matter depicting, describing or relating to "Specified Sexual Activities" or "Specified Anatomical Areas" so as not to constitute a substantial or significant portion of its stock in trade. Defendant's expert admits that plaintiff's stock in trade does not constitute a substantial portion of its stock and trade. The stipulated amounts of plaintiff's stock which includes "Specified Sexual Activities" or "Specified Anatomical Areas" is not substantial or significant.

**FINDINGS OF FACT**

1. The court has federal question jurisdiction over the plaintiff's claim (28 U.S.C. §§ 1331, 1343(3)), and venue is proper pursuant to 28 U.S.C. § 1391.

2. At all times relevant hereto, the plaintiff was and is a duly authorized corporation existing under the laws of the State of Illinois with a lease to occupy a commercial

business in the Village.

3. The defendant was and is a Non-Home-Rule municipality located in the County of Lake, State of Illinois.

4. On or about August 29, 2000, plaintiff applied for a Zoning Certificate to operate a retail establishment at 1015-1019 North Milwaukee Avenue, Libertyville, Illinois. On this same day, Building and Sign Permits were also applied for in accordance with the Ordinance.

5. Article 16-4.6 of the Ordinance requires that a Zoning Certificate be issued or denied with fourteen (14) days of its initial application. Libertyville denied plaintiff a Zoning Certificate on October 20, 2000, after this suit had been filed, on the grounds that plaintiff's proposed business was not allowed to operate within the Village's C-3 Zoning District.

6. The Village subsequently reaffirmed its denial of a Zoning Certificate to plaintiff on the ground that plaintiff's proposed business was a "Regulated Use" as defined within the Ordinance; and because it was within 750 feet of a rehabilitation operation that the Village considered to be a residence, it could not operate at the location plaintiff had selected. The Village invited plaintiff to participate in a proceeding to amend the Village's Ordinance if it wished to operate its business at that location.

7. Plaintiff's proposed business is an apparel and accessory store, general merchandise store or miscellaneous retail store or a combination thereof.

8. The location that plaintiff intends to operate its retail establishment is in a C-3 Zoning District in the Village, which was "established to provide locations for a wide

variety of commercial uses ranging in both size and intensity." The Ordinance, by its terms, allows the following business to be operated within it as a matter of right, including, in part: "Apparel and Accessory Stores ... General Merchandise Stores ... Miscellaneous Retail Stores...."

9.  Plaintiff's proposed business is therefore a permitted use in the C-3 District within the defendant Village.

10. Plaintiff's proposed business is not a regulated use as defined in the Ordinance.

11. Plaintiff complies with the provisions of the Ordinance for the proposed location of its store and is entitled to issuance of a Zoning Certificate of Compliance.

12. The Zoning Certificate is necessary for the plaintiff to exercise its right to conduct its proposed business at the proposed location within the C-3 Zoning District of the defendant Village.

13. Defendant, by its inaction and pursuant to Article 6-4.6(b) of the Ordinance, has unlawfully denied plaintiff's application for a Zoning Certificate, which precludes the issuance by the Village of building permits, sign permits, and the operation of plaintiff's business.

14. Plaintiff does not have an adequate remedy of law to remedy the denial of a Zoning Certificate.

15. The threatened injury to the plaintiff outweighs the threatened harm the issuance of a Zoning Certificate may inflict upon the defendant.

16. The granting of a permanent injunction will not harm the public interest.

IT IS THEREFORE ORDERED that plaintiff's, LOVERS LANE & COMPANY'S,

complaint for a permanent mandatory injunction against THE VILLAGE OF LIBERTYVILLE is hereby granted. Defendant is ordered to issue a Zoning Certificate of Compliance to plaintiff pursuant to its application on or before December 11, 2000 to permit the operation of said business in compliance with the Village's Ordinance consistent with this Opinion and Order.

Dated: December 4, 2000

JOHN W. DARRAH
United States District Judge